**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shonrick Brame Trust, | No. CV-25-02410-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Hubbard Auto Center of Scottsdale, | |
| Defendant. | |

On July 10, 2025, Shonerick "Shonrick" Brame,[1] proceeding pro se, filed the complaint, naming "Shonrick Brame Trust" as the Plaintiff and signing the complaint as the trustee. (Doc. 1.) That same day, the "Shonrick Brame Trust" filed a motion for leave to proceed in forma pauperis. (Doc. 3.)

Shonrick Brame Trust lacks the capacity to sue and is not a proper party to this case. Arizona law governs this issue. Fed. R. Civ. P. 17(b)(3) (capacity to sue, for parties other than individuals or corporations, is determined by the law of the state where the court is located, with exceptions not relevant here); *Irwin Union Collateral Inc. v. Peters & Burris, LLC*, 2009 WL 5184902, *3 (D. Ariz. 2009) ("[S]ince the trust is neither an individual nor a corporation, the law governing whether the Sass Trust has the capacity to sue or be sued

---

[1] Although the complaint consistently refers to "Shonrick" Brame, the Court takes judicial notice of the fact that the State of California lists Brame's first name as "Shonerick," as shown on a document from the California Secretary of State attached to the complaint (Doc. 1 at 14), and Brame has recently filed another case in the District of Arizona under the name Shonerick Brame (*Brame v. Scottsdale, City of et al*, 2:25-cv-02342-KML-CDB)—which matches the name on the City of Scottsdale's docket (M-751-CR-2025010898) in the criminal case at issue in *Brame v. Scottsdale*.

is governed by Arizona law, the state in which this Court sits.").

In general, a trust "lack[s] the capacity to sue or be sued under Arizona law." *Irwin Union*, 2009 WL 5184902 at *4; *see also* 76 Am. Jur. 2d Trusts § 601 ("At common law, a trust cannot sue or be sued because it is not a juristic person.  In most jurisdictions, a trust is not an entity separate from its trustees, and cannot sue or be sued in its own name, and therefore, the trustee, rather than the trust, is the real party in interest in litigation involving trust property.  Because a trust is not a legal entity, and does not have capacity, any suits involving the trust must be brought by or against the trustees."); *Matter of Book*, 2019 WL 2394259, *2 (Ariz. Ct. App. 2019), *review denied* (2019) (unpublished) ("Generally, a common-law trust is not considered a legal entity capable of suing or being sued; therefore, any suit involving the trust must be brought by or against its trustee.").  Thus, a common-law trust cannot sue in its own name—such a suit must be brought by its trustee.[2]  It follows that Shonrick Brame Trust must be dropped as a party to this lawsuit and Shonerick Brame, in his capacity as trustee, must be added as the sole plaintiff.  Fed. R. Civ. P. 21.

Although the application to proceed in forma pauperis purports to have been filed by the "Shonrick Brame Trust," it is clear that the application has been filed on behalf of Brame himself (hereinafter, "Plaintiff"), as it lists the people who rely on him for support as his "son[s]" and "grandkids," lists monthly expenses for rent, utilities, food, and transportation, and indicates that the applicant is 48 years old, has 13 years of schooling, is "unemployed," and is "staying with kids."  (Doc. 3.)

The Court cannot find that Plaintiff has established the level of financial need that would allow him to proceed in forma pauperis.  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. . . . As this court has recognized, one need not be absolutely destitute to obtain benefits of the in forma pauperis statute.  Nonetheless, a plaintiff seeking IFP status must allege poverty

---

[2] There is an exception to the general rule not applicable here. *See, e.g.*, *McLeod v. Deutsche Bank Nat'l Tr. Co.*, 2017 WL 2189498, *3 (Ariz. Ct. App. 2017) (unpublished).

with some particularity, definiteness and certainty.") (citations and quotation marks omitted).

Plaintiff asserts a monthly income of $0, no employment history for the past two years, no spousal employment for the past two years, no cash, no financial accounts, and no assets (Doc. 3), but the verified complaint asserts that in June 2025, Plaintiff lawfully purchased a 2023 Lamborghini Huracán Tecnica for $310,595.00 with a "negotiable financial instrument titled International Bill of Exchange No. IBOE-1002," which was "returned" to him (Doc. 1 ¶¶ 7-9). If the funds were returned as alleged, Plaintiff logically either has that sum of money in an account or has an asset subsequently purchased with the funds. On this record, Plaintiff has not established that he should be allowed to proceed in forma pauperis.

At any rate, 28 U.S.C. § 1915(e)(2) requires dismissal of this case if the Court determines, *inter alia*, that "the allegation of poverty is untrue" or the action is "frivolous or malicious." By coupling a verified complaint asserting a very recent valid purchase of a sports car worth $310,595 (after which the funds were returned to Plaintiff) with an application asserting utter pennilessness, Plaintiff has effectively established that either the allegation of poverty is untrue or the verified complaint is based on unfounded factual allegations, rendering it frivolous and malicious. "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (cleaned up). An action based on false allegations is necessarily intended to harm the defendant. Thus, it is unnecessary to decide whether it is that the allegation of poverty that is untrue or that the complaint is frivolous or malicious—one way or another, it is clear that dismissal is required.[3]

---

[3] If this case were to proceed, there would also be a question as to whether Plaintiff may proceed pro se in his capacity as trustee. *Compare C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987), *with Becker v. Wells Fargo Bank, NA, Inc.*, 2012 WL 6005759, *4 (E.D. Cal. 2012). Additionally, there would be a question regarding whether this Court has diversity jurisdiction, in light of Plaintiff's conflicting assertions regarding his place of domicile in recently filed actions. *Brame v. Copeland et al*, 2:25-cv-02230-KML-CDB, Doc. 1 ¶ 4 (alleging Plaintiff and his family "are nonresident private people domiciled on the land within the geographic region known as Arizona, but not citizens of the United States or the State of Arizona"); *Brame v. Scottsdale*, 2:25-cv-02342-KML-CDB, Doc. 1 ¶ 3 (alleging Plaintiff is domiciled in California). However, in light of

Accordingly,

**IT IS ORDERED** that Shonrick Brame Trust is dropped as a party to this litigation and Shonerick Brame, in his capacity as Trustee of the Shonrick Brame Trust, is added as the sole plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 3) is **denied**.

**IT IS FURTHER ORDERED** that this case is dismissed. The Clerk of Court shall terminate the action.

**IT IS FURTHER ORDERED** that Shonrick Brame Trust's motion to allow electronic filing (Doc. 9) is **denied as moot**.

Dated this 8th day of August, 2025.

Dominic W. Lanza
United States District Judge

---

the dismissal, these questions need not be resolved.

- 4 -